**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Victoria Ann Poling, ) | No. CV 12-01527-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Carolyn Colvin, Commissioner of Social Security, ) |  |
| Defendant. ) |  |

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits on September 17, 2007. The claims were denied initially and upon reconsideration. Following a hearing on May 7, 2010, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council ("AC") granted plaintiff's request for review of the ALJ's decision. On May 17, 2012, the AC issued a decision finding that plaintiff was not disabled, and therefore not entitled to disability insurance benefits. The AC decision constitutes the final decision of the Commissioner. 20 CFR § 404.981. Plaintiff filed this action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). We have before us plaintiff's opening brief (doc. 17), defendant's opposition (doc. 21), plaintiff's reply brief (doc. 22), and the

administrative record (doc. 14).

**I. Background**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Id. (citation omitted). "If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary." Sousa v. Callahan, 143 F.3d 1240, 1243 (9th Cir. 1998) (citation omitted). "[T]he Appeals Council's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. The record as a whole must be considered." Id. (citations omitted).

The ALJ followed the Social Security Act's five-step procedure to determine whether plaintiff is disabled. See 20 C.F.R. § 416.920(a)(4). First, the ALJ determined that plaintiff meets the status requirements of the Social Security Act and has not engaged in substantial gainful activity since the date of alleged onset. Tr. 14. At step two, the ALJ found that plaintiff suffered "severe" impairments including rheumatoid arthritis and primary biliary cirrhosis. Id. At step three, the ALJ found plaintiff's impairments do not meet the criteria listed in the regulations. Id. Next, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). Tr. 15. At step four, the ALJ concluded that plaintiff could perform her past relevant work as a secretary. Tr. 18.

The AC agreed with the ALJ's findings at steps one, two, and three of the sequential analysis. Tr. 4. The AC found that plaintiff had the RFC to lift 10 pounds occasionally, stand and walk for two hours, and sit for six hours in an eight-hour workday. Id. At step four, the AC adopted the ALJ's finding that plaintiff is capable of performing her past relevant work. Id.

Plaintiff argues that the Commissioner erred by: (1) finding at step four that plaintiff could perform her past relevant work as a secretary; (2) failing to properly weigh the

- 2 -

1  opinions of plaintiff's treating physicians; (3) partially rejecting Dr. Ottney, the state agency
2  medical consultant's opinion; and (4) failing to properly weigh her symptom testimony.
3  Plaintiff urges that we remand for an award of disability benefits.

## II. Step Four Disability Determination

5  Plaintiff first challenges the disability determination that the Commissioner made at
6  step four of the sequential analysis. At step four, the ALJ must determine whether the
7  claimed impairment prevents the plaintiff from performing her "previous work." See 42
8  U.S.C. § 423(d)(2)(A) (1982). "In classifying prior work, the agency must keep in mind that
9  every occupation involves various tasks that may require differing levels of physical exertion.
10 It is error for the ALJ to classify an occupation according to the least demanding function."
11 Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008)
12 (citation and quotations omitted). The inquiry at step four must be resolved in the plaintiff's
13 favor where she cannot fully perform her previous job, but only one or more tasks associated
14 with that job. Valencia v. Heckler, 751 F.2d 1082, 1087 (9th Cir. 1985).

15  Here, the Commissioner determined that plaintiff's RFC allowed her to perform the
16 full range of sedentary work – i.e., stand and walk two hours a day, sit six hours a day, and
17 lift 10 pounds occasionally. Tr. 6. In her disability report, plaintiff reported her previous
18 work as "secretary" and stated that it required an ability to stand and walk four hours a day,
19 sit for four hours a day, and lift 20 pounds frequently. Tr. 164. During the administrative
20 hearing, plaintiff stated that her previous work was as a "director of education." Tr. 30. The
21 ALJ asked the vocational expert ("VE") to identify the exertional levels of the plaintiff's past
22 work. The VE testified that plaintiff's past relevant work was a combination of a secretary,
23 a sedentary, skilled job, and a director of education, a light, skilled job. Tr. 40. Because
24 plaintiff's RFC is limited to sedentary work, she cannot fully perform her past relevant work.
25 At step four, however, the Commissioner concluded that plaintiff is capable of performing
26 her past relevant work as a secretary. In doing so, the Commissioner erred by classifying
27 the plaintiff's past work according to the least demanding function.

28  To the extent that the Commissioner may have concluded at step four that the skills

plaintiff gained from her previous work are transferrable to other, less demanding, work which exists in the national economy, this was also error. The step-four analysis is limited to determining whether the plaintiff can perform her past relevant work. Valencia, 751 F.2d at 1086–87. Only at step five may the Commissioner examine whether the skills and training acquired by the plaintiff through previous work experience have equipped her to engage in other, less demanding, work which exists in the national economy. Id. at 1087. Although the Commissioner may ultimately reach the same disability determination at steps four and five, he must do so expressly. Here, the Commissioner did not proceed to step five of the sequential analysis. Because the Commissioner failed to inquire at step five whether the plaintiff can perform any other work that exists in the national economy, we cannot conclude the error at step four was harmless. Remand is necessary for express findings at step five of the sequential analysis.

### III. Weight Given to Treating Source Opinions

Plaintiff next argues that the Commissioner failed to properly weigh treating medical source opinions. The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citation omitted). If the opinion is contradicted, the Commissioner may reject that opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted). "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004).

Plaintiff argues that the ALJ and the AC erred by improperly evaluating the opinions of Dr. Fairfax, her treating rheumatologist. We disagree. The ALJ's decision relies heavily on Dr. Fairfax's treatment notes. Specifically, the ALJ noted that from December 2007 until March 2010, Dr. Fairfax's medical records document only mild impairment, no active synovitis, and "improvement in the claimant's general condition." Tr. 16. The ALJ then

contrasts those records with a March 2010 medical source statement in which Dr. Fairfax opined that plaintiff had moderately severe functional limitations. Tr. 17, 583-584. The March 2010 statement is inconsistent with the treatment notes documenting mild functional limitations and improvement in plaintiff's condition. Morever, the ALJ specifically noted that Dr. Fairfax's March 2010 opinion was of limited probative value because he "failed to identify the impairments/diagnoses on which he based the assessment." Tr. 17. Dr. Fairfax's March 2010 opinion consisted primarily of a standardized, check-the-box form in which he failed to provide supporting reasoning or clinical findings. Tr. 583-584. The ALJ may "permissibly reject [. . .] check-off reports that [do] not contain any explanation of the bases of their conclusions." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). Therefore, the ALJ did not err in giving minimal evidentiary weight to Dr. Fairfax's March 2010 opinion.

On appeal, the AC considered an additional opinion from Dr. Fairfax dated October 31, 2011. The AC stated that the opinion is similar to the March 2010 opinion, and thus did not separately evaluate it. Unlike the March 2010 opinion, however, the October 2011 opinion identifies "inflamatory polyarthritis" as an impairment affecting plaintiff's ability to function. Accordingly, the ALJ's rationale for rejecting the March 2010 opinion does not apply to the October 2011 opinion. The AC did not provide specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Fairfax's October 2011 opinion. Therefore, on remand, the AC must consider how much weight to give Dr. Fairfax's October 2011 opinion.

Plaintiff also argues that the ALJ erred by improperly discounting the opinion of Dr. Shadmany, her treating endocrinologist. However, the ALJ gave clear and convincing reasons for rejecting Dr. Shadmany's medical assessment of plaintiff's ability to do work-related activities. Dr. Shadmany stated that plaintiff "may not be able to work 8 hours in a day." Tr. 579. The ALJ specifically stated that he rejected Dr. Shadmany's assessment because it is unsupported by the physician's treatment record, and it is based on a medical condition unrelated to the impairments at issue in this proceeding. Tr. 17. These reasons are

1  supported by substantial evidence in the record. Dr. Shadmany's treatment notes state that
2  plaintiff visited him to discuss management of thyroid problems, which was not one of the
3  impairments at issue in the disability assessment. Tr. 336, 338. His treatment notes do not
4  discuss any limitations which would prevent plaintiff from working eight hours a day.
5  Moreover, the notes specifically state that he was treating patient for hypothyroidism, and
6  advised reviewers to see other doctors' treatment notes. Id. Accordingly, the ALJ did not
7  err in discounting Dr. Shadmany's opinion.

8  Finally, plaintiff argues that the ALJ improperly rejected the opinion of Ms.
9  McDaniel, the treating physician's assistant. Physician's assistants are defined as "other
10 sources" under the regulations, and are not entitled to the same deference as a "treating
11 source." Molina, 674 F.3d at 1111. The ALJ may discount testimony from "other sources"
12 by giving "reasons germane to each witness for doing so." Id. The ALJ accorded Ms.
13 McDaniel's statement little weight because he found it was overly restrictive, inconsistent
14 with treatment records, and controverted by diagnostic and clinical findings. Tr. 17. The
15 evidence in the record reasonably supports the ALJ's conculsion. Ms. McDaniel's statement
16 indicates that plaintiff is incapable of even low stress jobs. Tr. 380. However, her own
17 treatment notes indicate that plaintiff "appears to be in no acute distress," and that she has
18 no active synovitis or bony abnormalities. Tr. 369. Ms. McDaniel's statement is also
19 inconsistent with other physicians' clinical findings which state that plaintiff's range of
20 motion is only mildly limited or normal. Tr. 521, 527, 530, 587. The ALJ provided germane
21 reasons, supported by substantial evidence in the record, to discount Ms. McDaniel's
22 statement.

### IV. State Agency Medical Consultants' Opinion

25 Plaintiff argues that the AC erred by rejecting the manipulative limitations set forth
26 in Dr. Ottney's opinion. The ALJ accepted Dr. Ottney's medical opinion because he found
27 "it is consistent with the record as a whole." Tr. 18. The AC, however, modified the ALJ's
28 finding because it determined that Dr. Ottney's own notes "do not support the presence of

- 6 -

manipulative limitations." Tr. 5. The AC's finding is supported by the record. Dr. Ottney's June 2010 assessment indicates that plaintiff is limited to lifting and carrying no more than 10 pounds occasionally, and that she can only occasionally reach, handle, finger, push and pull. Tr. 585-593. However, as noted by the AC, Dr. Ottney's examination notes indicate that plaintiff had 5/5 muscle strength in her extremities and normal fine and gross motor function in her upper extremities. Tr. 587. The examination notes also state she had no upper extremity atrophy, deformity, or contracture. Id. The Commissioner may discount the opinion of a physician where it is inconsistent with his own examination findings. See e.g. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding the incongruity between doctor's questionnaire responses and her medical records provides a specific and legitimate reason for rejecting the opinion). Therefore, the AC reasonably rejected the manipulative limitations set forth in Dr. Ottney's opinion.

## V. Symptom Testimony

Plaintiff also argues that the ALJ failed to provide clear and convincing reasons to reject the credibility of her symptom testimony. Defendant argues that this court must apply the standard articulated in Bunnell v. Sullivan, 9457 F.2d 341 (9th Cir. 1991), which requires that the ALJ merely make findings "properly supported by the record [and] sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the [plaintiff's] testimony on permissible grounds and did not arbitrarily discredit a [plaintiff's] testimony regarding pain." Id. at 345-46. However, subsequent Ninth Circuit cases have elaborated on Bunnell and have accepted the clear and convincing standard. See e.g., Clark v. Astrue, 2013 WL 254065, *11 (9th Cir. 2013); Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). Absent affirmative evidence of malingering, an ALJ must give clear and convincing reasons in order to reject the plaintiff's symptom testimony. Molina, 674 F.3d at 1112-1113. Nevertheless, an ALJ is not "required to believe every allegation of disabling pain." Id.

When weighing a plaintiff's credibility, "the ALJ may consider his reputation for

truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (citations omitted). In addition, the ALJ may consider the dosage and effectiveness of any treatment or pain medication for relief of pain. Bunnell, 947 F.2d at 346. Finally, although lack of objective medical evidence cannot form the sole basis for discounting symptom testimony, it is a factor that the ALJ can consider in his credibility analysis. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ cited specific reasons to support his conclusion that plaintiff's allegations regarding the intensity, persistence, and limiting effects of her symptoms are not fully credible. Tr. 17. The ALJ cited various treatment notes dated between October 2007 and May 2009 in which the plaintiff reported that she was feeling better, had less joint pain, and no morning stiffness. Tr. 15-17, 229, 527, 530. The ALJ also noted that plaintiff's medical regimen was characterized as "controlling her symptoms," and that treatment notes indicated she was tolerating the medication well without side effects. Tr. 15-16. Finally, the ALJ noted that the lack of treatment for plaintiff's reported primary biliary cirrhosis suggested that the condition was stable and non-symptomatic. Tr. 16. Although the evidence of plaintiff's treatment and medication may also lend itself to an interpretation more favorable to the plaintiff, we must uphold the ALJ's rational interpretation. See Molina, 674 F.3d at 1114 (affirming ALJ's decision because "it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'") (citation omitted). In addition to citing the aforementioned reasons undermining plaintiff's subjective complaints, the ALJ extensively described the objective medical evidence supporting his credibility determination. Tr. 15-17.

Where, as here, the ALJ has made specific findings justifying a decision to disbelieve plaintiff's symptom allegations, and those findings are supported by substantial evidence in the record, "we may not engage in second-guessing." Thomas, 278 F.3d at 958-59.

Therefore, we conclude the ALJ gave clear and convincing reasons to support his determination that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms are not credible to the extent alleged.

## VI. Appropriate Remedy

As discussed above, the Commissioner failed to properly determine whether plaintiff can perform her past relevant work, and to identify specific and legitimate reasons for rejecting Dr. Fairfax's opinion. Plaintiff argues that the appropriate remedy is to remand for an immediate award of benefits. When a court of appeals reverses an administrative agency determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed.2d 272 (2002) (per curiam). We credit evidence that was rejected during the administrative process and remand for an immediate award of benefits only if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the plaintiff disabled were such evidence credited. Strauss v. Commissioner of the Social Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (citation omitted). "The ALJ's errors are relevant only as they affect that analysis on the merits. A [plaintiff] is not entitled to benefits under the statute unless the [plaintiff] is, in fact, disabled, no matter how egregious the ALJ's errors may be." Id.

Here, it is not clear from the record that the ALJ would be required to find the plaintiff disabled. Even if we were to credit Dr. Fairfax's opinion as true, it does not independently establish that plaintiff is disabled. The Commissioner properly weighed other medical source opinions, and reasonably evaluated the plaintiff's symptom testimony. Remand for further proceedings in this case will allow the Commissioner to determine: 1) whether Dr. Fairfax's October 2011 opinion changes the disability determination, and 2) whether plaintiff is capable of performing other work that exists in the national economy.

**VII.**

For the foregoing reasons, **IT IS ORDERED REVERSING** the decision of the Commissioner and **REMANDING** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ is directed to evaluate Dr. Fairfax's October 2011 opinion. The ALJ is further directed to reassess the step four conclusion in light of this opinion, and to proceed to a step five analysis to determine whether there are jobs existing in significant numbers in the national economy that plaintiff can perform. The Clerk shall enter final judgment.

DATED this 21st day of August, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge